UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY STAMPS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDEN GATE SCENIC STEAMSHIP CORPORATION,<br><br>    Defendant. | Case No. 14-cv-05587-HSG<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 34 |

Pending before the Court is Plaintiff Anthony Stamps' motion for partial summary judgment. For the reasons articulated below, and as indicated at the hearing on March 3, 2016, the motion is **DENIED**.

## I.    BACKGROUND

This is a maritime personal injury lawsuit. Plaintiff Anthony Stamps and Kiante London were deckhands aboard the Harbor Princess vessel on November 25, 2013, when Captain David Minard lost control of the vessel. Captain Minard ordered the deckhands to deploy the vessel's anchor. The U.S. Coast Guard and a passing ferry boat helped the Harbor Princess return to berth; during the rescue, Plaintiff and London pulled the anchor on board. Each was injured in the process. As a result, Plaintiff filed a lawsuit against the owner of the Harbor Princess, Golden Gate Scenic Steamship, asserting: (1) negligence under the Jones Act, (2) breach of the warranty of seaworthiness, and (3) maintenance and cure. Dkt. No. 1.

Defendant has asserted several affirmative defenses against the first and second causes of action. Dkt. No. 12. In the instant motion, Plaintiff seeks partial summary judgment with respect to Defendant's second and eighteenth affirmative defenses: comparative fault and intentional conduct, respectively. Dkt. No. 34.

## II. LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* Only disputes over material facts will preclude summary judgment; "factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits, which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *See id.* On an issue for which the opposing party will have the burden of proof at trial, however, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *See id.* If the nonmoving party fails to make this showing, "[t]he moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

## III. ANALYSIS

Courts generally apply the concept of comparative fault in maritime personal injury actions under the Jones Act. *See Simeonoff v. Hiner*, 249 F.3d 883, 888 (9th Cir. 2001). "Contributory negligence is applicable to mitigate damages when a seaman is injured if 'alternative courses of action are available to the injured party, and he chooses the unreasonable course.'" *Id.* at 888-89

(citing *Socony Vacuum Oil Co. v. Smith*, 305 U.S. 424, 432-33 (1939) (contributory negligence is proper if a seaman "knowingly failed to choose an available safe method of doing his [or her] work," such as making "use of a defective appliance knowing that a safe one is available" (alterations in original))).

*Simeonoff* also recognized an exception to the rule, adopting the holding of the Fifth Circuit's decision in *Williams v. Brasea, Inc.*, 497 F.2d 67 (5th Cir. 1974): contributory negligence is not applicable where a seaman "carr[ies] out orders that results in his own injury, even if he recognizes possible danger." *See Williams*, 497 F.2d at 73 (holding that a "seaman's duty to obey orders from his immediate superior overrides the postulate that the seaman must delay execution of the order until he makes a reasonable effort to be sure that following the order will not injure the superior who gave the order"). Accordingly, *Simeonoff* stands for the proposition that "a seaman may not be held contributorily negligent for carrying out orders that result in injury, even if the seaman recognizes possible danger and does not delay to consider a safer alternative." *Id.* at 890. The Ninth Circuit further held that this rule against contributory negligence applies "when a seam[a]n responds to an urgent, yet general, call to the crew for assistance." *Id.*

Here, there are disputed issues of fact as to whether the *Simeonoff* exception precludes Defendant's affirmative defenses. The parties contest whether Plaintiff's retrieval of the anchor was in response to the Captain's orders to bring the anchor on board the vessel. *Compare* Dkt. No. 34-5 at 2 ("Captain Minard then ordered us to pull in the anchor."), *and* Dkt. No. 34-7 at 2 ("Captain Minard then ordered Mr. Stamps and I to pull in the anchor."), *with* Dkt. No. 39-5 at 5 ("[W]hen I asked why they pulled the anchor up, [the deckhands] said they were directed to do so by the responding Coast Guard.").[1]

Although Plaintiff contests the reliability of Defendant's evidence, it is not the Court's function to resolve such conflicting testimony on summary judgment. *See T.W. Elec. Serv., Inc. v.*

---

[1] The Court rejects Defendant's alternative basis for establishing a disputed issue of fact. The Captain's inability to remember whether he gave the order is not "competent evidence that creates a genuine issue of material fact." *See Fed. Election Comm'n. v. Toledano*, 317 F.3d 939, 949-50 (9th Cir. 2002), as amended on denial of reh'g (Jan. 30, 2003) ("[F]ailure to remember and lack of knowledge are not sufficient to create a genuine dispute.").

*Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("[A]t this stage of the litigation, the judge does not make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions."); *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1036 (9th Cir. 2005) (holding that the district court improperly dismissed "allegations as consisting of nothing more than 'self-serving statements in her own deposition and affidavit,'" because such determinations are "exclusively within the province of the factfinder at trial").

Viewing the evidence in the light most favorable to Defendant, the Court finds that a reasonable trier of fact could find that Plaintiff was not acting pursuant to the Captain's orders when retrieving the anchor. Accordingly, summary judgment is inappropriate, and Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: 3/8/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge